SECOND DEPARTMENT, JUNE, 1997

(June 2, 1997)

■ GEORGIA ASHLEY, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [658 NYS2d 382] —In an action to recover damages, *inter alia,* for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated October 30, 1995, which denied her motion, among other things, to strike the answer of the defendants City of New York and New York City Police Department, and granted the cross motion of the defendants City of New York and New York City Police Department for a protective order vacating the plaintiff's notice for discovery and inspection in its entirety.

Ordered that the order is reversed, on the law, with costs, the defendants' cross motion is denied, and the plaintiff's motion is granted to the extent that the answer of the defendants City of New York and New York City Police Department shall be stricken unless, within 30 days after service of a copy of this order with notice of entry, they serve a response to the plaintiff's notice for discovery and inspection in accordance with CPLR 3122.

The defendants City of New York and New York City Police Department (hereinafter the City defendants) failed to respond and/or object to the plaintiff's notice for discovery and inspection as required by CPLR 3122. Rather, when the plaintiff moved, *inter alia,* to strike their answer for failure to respond to the discovery notice, the City defendants cross-moved for a protective order. The Supreme Court granted the cross motion and vacated the plaintiff's notice for discovery and inspection in its entirety, finding it to be palpably improper, overbroad, and burdensome. We reverse.

While the discovery notice included many improper demands, it also contained numerous appropriate requests for information material and necessary to the prosecution of this action *(see,* CPLR 3101 [a]). Under the circumstances, the City defendants should not be rewarded for their lack of diligence by the grant of a belated cross motion for a protective order vacating the entire discovery notice.

The amendment of CPLR 3122 was intended to encourage the parties to resolve discovery disputes without court intervention in order to reduce the volume of motion practice *(see,* Mem of Off of Ct Admin, 1993 NY Legis Ann, at 76). Amendment of the statute contemplated a reduction of litigation costs and judicial time—goals of the Bench, Bar, and the litigants themselves. The conduct of the parties here undermined the spirit and the letter of CPLR 3122, the plaintiff by including many improper requests and the City defendants by never providing any discovery, even as to those items to which the plaintiff was clearly entitled to responses. This was only escalated by motion practice and an appeal. The City defendants should now provide answers to the proper discovery requests and object to the improper ones. Only then can the parties determine if court intervention is required. Rosenblatt, J. P., Thompson, Santucci, Altman and Friedmann, JJ., concur.