■ Phulmattie (Dolly) Budhram et al., Appellants, v City of New York, Respondent, et al., Defendant. [695 NYS2d 393] —In an action to recover damages, *inter alia*, for personal injuries and wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated September 8, 1998, as denied those branches of their motion which were to compel the defendant City of New York to comply with their notice for discovery and inspection and to compel the defendant City of New York to appear for examination before trial by Safety Officer Stephen Simmons and Department of Transportation Assistant Commissioner John Tripaldo and, in effect, granted the cross motion of the defendant City of New York for a protective order with respect to certain portions of their notice for discovery and inspection.

Ordered that the order is modified by deleting therefrom the provision denying that branch of the motion which was to compel the defendant City of New York to appear for examination before trial by Safety Officer Stephen Simmons and Department of Transportation Assistant Commissioner John Tripaldo and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the time of the defedant City of New York to comply with the direction that it appear for examination before trial by Safety Officer Stephen Simmons and Department of Transportation Assistant Commissioner John Tripaldo is extended until 30 days after service upon it of a copy of this decision and order with notice of entry.

The Supreme Court properly exercised its discretion in directing the defendant City of New York (hereinafter the City) to respond to the plaintiffs' notice for discovery and inspection to the limited extent provided in the order. However, in its brief the City asserts that it has consented to produce Safety Officer Stephen Simmons and Department of Transportation

Assistant Commissioner John Tripaldo for examination before trial. Upon this concession we have modified the order appealed from accordingly.

We take this opportunity, however, to admonish the City for its failure to respond or object to the plaintiffs' notice for discovery and inspection in compliance with CPLR 3122. We cannot overemphasize that "[t]he amendment of CPLR 3122 was intended to encourage the parties to resolve discovery disputes without court intervention in order to reduce the volume of motion practice", and that the City's failure to respond or object to discovery demands tends to defeat the purpose of the amendment (*Ashley v City of New York,* 240 AD2d 352, 353). O'Brien, J. P., Ritter, Altman and Smith, JJ., concur.